UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

HERSHELL WALTHALL,

        Plaintiff,

    v.

LOWE'S HOME IMPROVEMENT
WAREHOUSE, INC. dba LOWE'S,
and DOES 1-25, inclusive,

        Defendant.

NO. CIV. S-05-1553
WBS-GGH

----oo0oo----

MODIFIED STATUS (PRETRIAL SCHEDULING) ORDER

        After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for October 24, 2005, and makes the following findings and orders without needing to consult with the parties any further:

        I.   SERVICE OF PROCESS

        All named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Fed. R. Civ. P. 16(b).

        II.  JOINDER OF PARTIES/AMENDMENTS

1   No further joinder of parties or amendments to

2   pleadings is permitted except with leave of court, good cause

3   having been shown under Fed. R. Civ. P. 16(b).  See Johnson v.

4   Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

5   III.   JURISDICTION/VENUE

6   Jurisdiction is predicated upon Title VII of the Civil

7   Rights Act of 1964, as amended, 42 U.S.. § 2000 (e), et seq. and

8   28 U.S.C. § 1331 (federal question) and § 1337 (commerce and

9   antitrust regulations). Venue is undisputed and hereby is found

10  proper.

11  IV.   DISCOVERY

12  The parties have stipulated that they will serve the

13  initial disclosures required by Fed. R. Civ. P. 26 (a)(1) by no

14  later than October 31, 2005.

15  The parties shall disclose experts and reports in

16  accordance with Fed. R. Civ. P. 26(a)(2) by no later than May

17  26, 2006.

18  With regard to expert testimony intended solely for

19  rebuttal, produced in accordance with Fed. R. Civ. P. 26(a)(2),

20  those experts shall be disclosed by no later than June 9, 2006

21  and reports by the responsive experts shall be produced on or

22  before June 23, 2006.  All expert discovery shall be closed on

23  June 30, 2006.

24  All discovery, including depositions for preservation

25  of testimony, is left open, save and except that it shall be so

26  conducted as to be completed by May 12, 2006.  The word

27  "completed" means that all discovery shall have been conducted

28  so that all depositions have been taken and any disputes

2

1  relevant to discovery shall have been resolved by appropriate

2  order if necessary and, where discovery has been ordered, the

3  order has been obeyed.  All motions to compel discovery must be

4  noticed on the magistrate judge's calendar in accordance with

5  the local rules of this court and so that such motions may be

6  heard (and any resulting orders obeyed) not later than May 12,

7  2006.

8              V.   MOTION HEARING SCHEDULE

9              All motions, except motions for continuances,

10 temporary restraining orders or other emergency applications,

11 shall be filed on or before June 19, 2006.  All motions shall be

12 noticed for the next available hearing date.  Counsel are

13 cautioned to refer to the local rules regarding the requirements

14 for noticing and opposing such motions on the court's regularly

15 scheduled law and motion calendar.

16             VI.  FINAL PRETRIAL CONFERENCE

17             The Final Pretrial Conference is set for September 11,

18 2006 at 10:00 a.m.  The conference shall be attended by at least

19 one of the attorneys who will conduct the trial for each of the

20 parties and by any unrepresented parties.

21             Counsel for all parties are to be fully prepared for

22 trial at the time of the Pretrial Conference, with no matters

23 remaining to be accomplished except production of witnesses for

24 oral testimony.  Counsel shall file separate pretrial

25 statements, and are referred to Local Rules 16-281 and 16-282

26 relating to the contents of and time for filing those

27 statements.  In addition to those subjects listed in Local Rule

28 16-281(b), the parties are to provide the court with: (1) a

3

1 plain, concise statement which identifies every non-discovery

2 motion which has been made to the court, and its resolution; (2)

3 a list of the remaining claims as against each defendant; and

4 (3) the estimated number of trial days.

5       In providing the plain, concise statements of

6 undisputed facts and disputed factual issues contemplated by

7 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the

8 claims that remain at issue, and any remaining affirmatively

9 pled defenses thereto.  If the case is to be tried to a jury,

10 the parties shall also prepare a succinct statement of the case,

11 which is appropriate for the court to read to the jury.

12       VII.  <u>TRIAL SETTING</u>

13       The jury trial is set for December 5, 2006, at 9:00

14 a.m. in Courtroom 5.

15       VIII.  <u>SETTLEMENT CONFERENCE</u>

16       A Settlement Conference will be set at the time of the

17 Pretrial Conference.

18       Counsel are instructed to have a principal with full

19 settlement authority present at the Settlement Conference or to

20 be fully authorized to settle the matter on any terms.  At least

21 seven calendar days before the Settlement Conference counsel for

22 each party shall submit a confidential Settlement Conference

23 Statement for review by the settlement judge.  If the settlement

24 judge is not the trial judge, the Settlement Conference

25 Statements shall not be filed and will not otherwise be

26 disclosed to the trial judge.

27       IX.  <u>MODIFICATIONS TO SCHEDULING ORDER</u>

28       Any requests to modify the dates or terms of this

4

Scheduling Order, except requests to change the dates of the
Final Pretrial Conference or trial, may be heard and decided by
the assigned Magistrate Judge.  All requests to change the dates
of the Pretrial Conference and/or trial shall be heard and
decided only by the undersigned judge.

DATED:  December 1, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE